## Pullease Estate

[redacted]

*H. Robert Hampson,* for accountant.
*Bernard J. Hessley,* for exceptant.

WOLFE, *P. J.,* January 26, 1976—St. Joseph's Roman Catholic Church has taken exceptions to the account of the trustee, Samuel F. Bonavita, Esq. filed on behalf of the estate of Peter Pullease, alleging the trustee-accountant has failed to account for any interest earned on the trust funds or to account for any increment of assets held by the trustee to the point of inception of the trust to the filing of his account.

Exceptant was previously granted an order of

court for inspection of the trustee's bank statements and cancelled checks but the inspection could not be completed because, according to counsel for exceptant, the trustee has either lost the bank statements or they were destroyed, leaving only cancelled checks which could not be balanced against bank statements of deposits and withdrawals.

Exceptant has, therefore, requested written interrogatories on the Pennsylvania Bank and Trust Company, on Warren National Bank and on New Process Company, which the trustee has filed a motion to stay and dismiss, averring that an inspection of his attorney accounts would violate the confidential relationship existing between attorney and clients and would be an invasion of privacy.

Pa.R.C.P. 4003(b) governing right to take depositions on notice provides:

"A deposition of any witness for use at a hearing upon a petition, motion or rule may be taken upon notice by oral examination or written interrogatories."

This rule governs the taking of depositions either orally or by written interrogatories of witnesses and its application, in our opinion, should be interpreted very broadly and preference for oral examination over written interrogatories should be given priority: Knappenberger v. Feldman, 6 D. & C. 2d 728, 34 Northamp. 57 (1956), and National Forge Company v. Harsco Corp., 49 D. & C. 2d 498 (1970); 4 Goodrich-Amram §4003, and annotations therein.

In the instant case, exceptant desires the written interrogatories of two banks and one corporation without making any allegation that these parties may, in fact, be witnesses at the hearing on the exceptions or without stating any basis, except at

oral argument, why these parties should be interrogated. We believe that the record should support the reasoning, and we can accept the oral argument that this is a secondary source because the primary source has allegedly been lost or destroyed; however, this reason should be made part of the record on motion or petition rather than oral argument in support of the written interrogatories. We do not think the rule is so broad as to permit the deposition of any party or corporate entity without some allegation to support the taking thereof; otherwise this would compel third parties to the expense and time to file protective orders under Rule 4011.

There can be no doubt exceptant is entitled to the interrogatories under the facts as orally alleged; however, we will require these reasons to be reduced to writing and executed by counsel for exceptant, whereupon, if there is no further objection, the three stated corporate entities will be required to answer the interrogatories submitted to them.

We do not find any merit to the allegation of the right of privacy or breach of confidential relationship between attorney and client in the instant case, as we find no immunity against the taking of depositions simply because the trustee in this case is an attorney. On the contrary, the attorney would have the fiduciary duty to keep the trust estate account separate from other clients he may be handling and, in this regard, there would be no invasion of privacy or breach of confidential relationship if this were done.

For the foregoing reasons we enter the following

## DECREE

And now, January 26, 1976, the motion to stay and dismiss interrogatories of the trustee is denied

and exceptant is ordered to file a motion or petition with the court advancing exceptant's reasons to support the taking of the deposition upon written interrogatories of the three corporate entities. Counsel for the trustee may take exceptions thereto within five days.